**Raffaele OCELLO, Plaintiff,**

**City of New York and Harris Structural Steel Company, Inc., Defendants–Cross–Claimants–Cross–Defendants–Appellees,**

v.

**WHITE MARINE, INC., Hennington Durham & Richardson Architect and Eng., Daniel Frankfurt and Daniel Frankfurt, PC., Defendants–Third–Party–Defendants,**

**Gates Construction Corporation and Great Lakes Dredge & Dock Company, LLC, Defendants–Cross–Claimants–Third–Party–Plaintiffs–Appellants.[1]**

Nos. 08–1748–cv(L), 08–3645–cv(CON).

United States Court of Appeals,
Second Circuit.

Sept. 29, 2009.

---

1. We direct the Clerk of the Court to amend the official caption as noted.

640

Stephen J. McGrath (Cynthia Goldman and Cheryl Payer, of counsel), for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, N.Y., for Defendant–Cross–Claimant Cross–Defendant–Appellee City of New York.

David Reilly (Robert F. Horvat, on the brief), John T. Ryan & Associates, Riverhead, N.Y., for Defendant–Cross–Claimant Cross–Defendant–Appellee Harris Structural Steel Co., Inc.

Thomas W. Hyland (Richard E. Lerner and Joshua C. Weisberg, of counsel), Wilson Elser Moskowitz Edelman & Dicker LLP, New York, N.Y., for Defendants–Cross–Claimants Third–Party Plaintiffs–Appellants Gates Construction Corp. and Great Lakes Dredge & Dock Co., LLC.

PRESENT: GUIDO CALABRESI,
ROBERT D. SACK, Circuit Judges,
EDWARD R. KORMAN, District Judge.[2]

## SUMMARY ORDER

This is an appeal from two orders of the United States District Court for the Eastern District of New York (Sifton, *J.*). The first, as a Rule 37 discovery sanction, struck appellants' answer, including the cross-claims and entered a default judgment against them in favor of the plaintiff. The order also denied as moot appellants' motion to implead additional third-party defendants. *Ocello v. City of New York*, No. CV–05–3725, 2008 WL 789857, 2008 U.S. Dist. LEXIS 22556 (E.D.N.Y. Mar.21,

2008). The second order denied appellants' motion for reconsideration of the sanctions order. *Ocello v. City of New York (Ocello II)*, No. CV–05–3725, 2008 WL 2827424, 2008 U.S. Dist. LEXIS 55767 (E.D.N.Y. July 21, 2008).

This case arose out of injuries sustained by plaintiff Raffaele Ocello, an employee of the Department of Transportation of the City of New York working as a seamen on the Staten Island Ferry. In 2005, Ocello was injured while offloading passengers at St. George Terminal, Staten Island when a section of railing fell from the apron (a device lowered from the dock to the ferry) and struck him on the head and upper body. The railing that fell on Ocello was welded to the apron, most likely during construction on the dock in 1995–96. Appellant, Gates Construction Corporation ("Gates"), was the general contractor in charge of that construction. Appellee, Harris Structural Steel Company, Inc. ("Harris"), was the subcontractor tasked with fabricating parts of the dock offsite. Predicating jurisdiction on the Jones Act, 46 U.S.C. § 30104, Ocello initially brought suit against appellee, the City of New York ("the City"), and others whose relationship to the case in not relevant to this appeal. Ocello then amended his complaint to add as defendants Gates, Great Lakes Dredge & Dock Company, LLC ("Great Lakes"), which had previously purchased all of Gates's assets, and Harris. In their answer to the amended complaint, Gates and Great Lakes ("appellants") alleged cross-claims against their co-defendants, the City and Harris.

Ultimately, as a consequence of conduct in which their counsel engaged during discovery, the district court struck the answer of Gates and Great Lakes, which was

2. The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

followed by the entry of a default in favor of Ocello in the underlying action. Striking the answer also had the effect of dismissing the cross-claims against the City and Harris. Gates and Great Lakes seek review only of the latter sanction relating to their cross-claims against the City and Harris and the denial of their motion to implead third-party defendants. They do not seek reversal of the entry of the default in favor of Ocello in the principal action. Instead, they entered into a settlement agreement with Ocello for $2.5 million, which also secured releases from Ocello of his claims against the City and Harris.

We review "all aspects of a District Court's decision to impose sanctions for abuse of discretion." *United States v. Seltzer*, 227 F.3d 36, 39 (2d Cir.2000) (internal quotation marks omitted). Nevertheless, as Chief Justice Marshall observed in oft-cited language, a motion addressed to the discretion of the court is "a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles." *United States v. Burr*, 25 F.Cas. 30, 35 (C.C.Va.1807) (No. 14,-692d). The "sound legal principle" guiding the choice of the sanction to impose for dilatory conduct is that "[t]he remedy [of dismissal] is pungent, rarely used, and conclusive. A district judge should employ it only when he is sure of the impotence of lesser sanctions." *Dodson v. Runyon*, 86 F.3d 37, 39 (2d Cir.1996) (first bracket added, internal quotations omitted). While *Dodson* involved a dismissal for failure to prosecute, the same principle applies to dismissal under Fed.R.Civ.P. 37, which we have held, "is a drastic penalty which should be imposed only in extreme circumstances." *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir.1986) (internal quotation omitted). Thus, "[b]efore the extreme sanction of preclusion [or dismissal] may be used by the district court, a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." *Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir.1988).

We find it difficult to reconcile the dismissal of the cross-claims against the City and Harris with the sound legal principle that dismissal should be utilized in circumstances in which it is clear that lesser sanctions would not be sufficient to either address the prejudice suffered as a consequence of the alleged misconduct or to deter such conduct by the offending party or those in other cases. On this score, at the suggestion of one of our staff attorneys, appellants filed a motion for reconsideration. The motion proposed an alternative sanction "in the form of bearing the costs of all parties in connection with the Court's March 20, 2008 Order and this Order [denying the motion for reconsideration] as well as further costs of all parties for future fact discovery." *Ocello II*, 2008 WL 2827424, at *5, 2008 U.S. Dist. LEXIS 55767, at *14. Although the district judge denied the motion for reconsideration on procedural grounds, we can assume that he would have rejected it for the same reason that he initially rejected a comparable sanction. Specifically, he did so after concluding that this sanction would "not adequately address the delay and expense already suffered by the parties nor [would] it ensure that Great Lakes and Gates will comply with their obligations in a timely and honest manner." *Ocello*, 2008 WL 789857, at *8, 2008 U.S. Dist. LEXIS 22556, at *26. This conclusion is problematic for two reasons.

First, it is not clear why the "delay and expense already incurred" could not be cured by the proposed monetary sanctions. Indeed, the district judge acknowledged that "[e]ach of the aforementioned acts of non-compliance only lasted several

months." *Ocello,* 2008 WL 789857, at *8, 2008 U.S. Dist. LEXIS 22556, at *27. Moreover, the City and Harris have been unable to articulate any specific meaningful prejudice from appellants' four month delay in disclosing a material witness. Nor have they articulated any prejudice caused by Gates and Great Lakes's delay in producing certain documents, which appeared to have been helpful to the appellants, until a little more than a month after the close of discovery. Second, there is no evidence that appellants—who at this point had already replaced the lawyers responsible for the discovery abuses—would not "participate in the discovery process in good faith and provide their new counsel with the information necessary in order to comply with discovery orders." *Ocello,* 2008 WL 789857, at *8 n. 10, 2008 U.S. Dist. LEXIS 22556, at *27 n. 10. While the district judge based this conclusion on what he characterized as the "past behavior" of Gates and Great Lakes, *id.,* he did not cite any evidence to suggest that they participated in or directed their counsel's discovery abuses. Indeed, here, the City argues that the sanctions imposed were "for Great Lakes' counsel's abusive litigation practices." Similarly, Harris's brief lays the responsibility for the alleged misconduct on the conduct of "counsel for Great Lakes and Gates." "We have long-suggested imposing sanctions directly on dilatory lawyers in appropriate cases, and we continue to commend to our district court judges this 'sound practice.'" *Dodson,* 86 F.3d at 40; *Cf. Litton Sys., Inc. v. AT & T Co.,* 700 F.2d 785, 828 (2d Cir. 1983), *cert. denied,* 464 U.S. 1073, 104 S.Ct. 984, 79 L.Ed.2d 220 (1984) (affirming trial court's award of attorneys fees rather than dismissal given trial court's reluctance to "'visit upon the client the sins of counsel,

absent client's knowledge, condonation, compliance, or causation.'").

Nor is there any basis for the conclusory assertion that "lesser sanctions are not sufficient to ensure that Great Lakes and Gates do not benefit from their obstruction of discovery." *Ocello,* 2008 WL 789857, at *8, 2008 U.S. Dist. LEXIS 22556, at *26. The district judge never explained what "benefits" appellants had or would continue to derive from their conduct in discovery. On the contrary, the settlement between Ocello and appellants, which released all claims Ocello may have had against the City and Harris, was the direct consequence of the default in favor of Ocello. Moreover, Gates and Great Lakes paid Ocello $2.5 million without assurance that they would obtain any contribution or indemnification from the City or Harris. Indeed, all parties agree that the City and Harris would be free to challenge the reasonableness of the $2.5 million paid to Ocello. *See McDermott v. AmClyde,* 511 U.S. 202, 114 S.Ct. 1461, 128 L.Ed.2d 148 (1994) (adopting proportionate share rule with respect to settling and non-settling defendants in admiralty action). Thus, the unchallenged entry of the default in favor of Ocello, "the most severe in the spectrum of sanctions provided by statute or rule," together with such other sanctions as the district judge may impose on remand, advances the significant general deterrent effect that Rule 37 is intended to serve.[3] *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Cine Forty–Second St. Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1066 (2d Cir. 1979).

In sum, while the conduct in which the appellants engaged warranted the imposi-

---

3. For this, among other reasons, we emphasize that the default order in favor of Ocello and the settlement that followed are in no way undermined by our decision today.

tion of sanctions, if only because of their violation of discovery orders, the reasons given by the district judge for not imposing a lesser sanction than the dismissal of appellants' cross-claims are not supported by the record or by the need to deter the appellants or parties in other cases from engaging in similar behavior. Under these circumstances here, it was an abuse of discretion to strike the answer to the extent it caused the dismissal of appellants' cross-claims. Accordingly, we VACATE the judgment of the district judge to the extent that it struck the portions of appellants' answer asserting cross-claims against the City and Harris and RE-MAND for consideration of such lesser sanction as he deems appropriate and for reconsideration of appellants' motion to implead third party-defendants which was denied on the ground that it was moot. We DISMISS the appeal from the order denying the motion for reconsideration as moot.